The next case called for oral argument is Ducksworth v. Keller. Thank you. May it please the court. Counsel Mr. Hesse. My name is Christina Coetzee and I represent Mr. Erickson Ducksworth and his claim for damages against the defendant. This is an appeal from a jury verdict that awarded $5,500 for medical care and treatment, all of in fact medical care and treatment claimed by plaintiff, but failed to award any damages for pain and suffering or loss of normal life. We have two points to make today during oral argument. First of all, that the evidence in this case clearly establishes injury and pain and suffering and this evidence of a proven element of damages was disregarded by the jury. Secondly, that by awarding seven months or $5,500 for all medical treatment underwent by Mr. Ducksworth, pain related medical expenses and nothing for pain and suffering, that this jury verdict was inherently inconsistent. Mr. Ducksworth was a passenger in a vehicle who was injured in an automobile collision. There's really no serious dispute as to the fact that Mr. Ducksworth was injured. The jury awarded Mr. Ducksworth medical expenses for pain related complaints during a seven month period. In fact, the jury awarded all of Mr. Ducksworth's medical expenses for the treatment he sought after the accident and the only two testifying physicians found evidence of injury. In spite of all of this, the jury failed to award any damages for pain and suffering. Mr. Ducksworth had no prior medical care and treatment related to this injury and had suffered no intervening injuries or trauma. When a jury ignores a proven element of damages, the plaintiff is entitled to a new trial. Did the plaintiff testify that I was in pain during these various times? Yes, Your Honor. He testified as to pain, stiffness, soreness, aching, and limited activity, including he had to stop running as a result of the accident. And did his, he went to a chiropractor for an extended period of time, is that correct? Yes, Your Honor. And did the chiropractor testify that in his opinion, within a reasonable degree of medical certainty, this type of injury caused pain? Yes, Your Honor, absolutely. He said that it caused pain and would cause future pain and suffering. He testified as to the course of care and treatment of the plaintiff and that he was in pain. He would get better after the treatment and then some days he would come back and start at square one, but eventually he did recover mostly due to the chiropractic treatment. Not only did that, Dr. Meinders testified to performing x-rays the first day he saw him, which was four days after the accident, and said that there was objectively a straightening of the lordotic curve, that there was evidence of hyperextension in the trapezius and rhomboid muscles, and that the neck was pulled forward. Dr. Meinders testified that these were objective findings and there was no way for Mr. Duxworth to fake or create a straightened spine, nor the muscle spasms in his neck and back. Was there any evidence offered that would contradict the expert testimony about pain? In plaintiff's perspective, no. Defense counsel will argue that Mr. Duxworth did present to his family physician the Monday after the accident, and at that time the family physician did examine Mr. Duxworth and find evidence of a right lower rib contusion that produced pain on palpation. The doctor testified that Mr. Duxworth testified and the doctor didn't deny that. The doctor recommended that he continue his over-the-counter pain medication that he had been taking since the date of the accident, as well as doing home exercises. It's my understanding that the doctor did perform an exam, examinations which were negative, but did not do any x-rays or examination of the neck. Did this doctor say, I don't think he would have suffered any pain with this injury? No, there's no testimony at all in the record that says he didn't have any pain or that he was not injured as a result of this accident. As a matter of fact, Dr. Suspain found that he suffered a contusion as a result of this accident and that there was pain upon palpation in that area of his body where he had that contusion. Immediately after that, when he felt as though the home exercises and the over-the-counter medication wouldn't do the trick, that same day he went to see Dr. Minders where x-rays were performed and the objective findings of injury were noted. And because of that evidence, we feel that this case is in line with this court's decision in Murray v. Philpott where a new trial was ordered on the issue of damages only. And in that case, there were x-rays that showed a straightening of the lordotic curve in the cervical spine, and this objective evidence was consistent with the subjective complaints of the claimant in that case. She complained of stiffness and spasm. There was medical testimony that established she sustained a soft tissue injury, and the same is true in Mr. Duxworth's case. He did testify that he had immediate discomfort, pain, stiffness, soreness. His family physician found that contusion, and Dr. Minders found these objective findings that I've already noted in our argument. Dr. Minders testified that there was nothing subjective about these objective medical findings, and that Mr. Duxworth did, in fact, experience pain as a result of the accident. The deference afforded to jurors doesn't mean that they are free to disregard a proven element of damages. This is not a matter of discretion to the jury. In this case, Mr. Duxworth clearly established pain-related medical treatment, and pain and suffering were clearly established. In Snover, the Illinois Supreme Court said that we should closely examine the facts of a case to determine if a verdict is inconsistent, and that a new trial isn't automatic. We're not asking for an automatic new trial in this case. In that case before the Supreme Court, there was an award for only $1,500 in medical expenses that the claimant underwent for a couple of weeks, where she admitted that she was playing tennis every day and very active in school activities. The Supreme Court said it was reasonable to find that verdict was inconsistent, and that the failure to reward pain and suffering in that case under those facts was not error. That's not the same case we have here. Oh, also in that case, there was a defense expert stating that she wasn't injured. Also, there was intervening trauma and prior and subsequent accidents and injuries. Here, none of that is true. There's no defense expert. There's no doctor saying he wasn't injured. There's no prior contributing accidents. There's no subsequent contributing accidents. The jury awarded seven months of pain-related medical care and treatment to the tune of $5,500. In fact, every dollar of medical expenses that Mr. Duxford claimed. All of the treatment was to cure and relieve an objective soft tissue injury that was caused by this accident. There's no other evidence in the record. The pain and suffering were clearly established, and this was the basis for the jury's award of medical expenses.  So, in this case, the jury disregarded that evidence. We don't know why. It is easier in the Supreme Court notice to make an award when you have a bill in front of you than it is to have to negotiate and figure out exactly what pain and suffering the plaintiff experienced. But the fact of the matter is, is Mr. Duxford did prove this element of damages and is entitled to a new trial on the issues of pain and suffering and loss of normal life. We'd ask that this court apply the same reasoning it did in Murray and find that Mr. Duxford is entitled to a new trial on the issue of damages. Thank you. Thank you, counsel. Counsel? Thank you, Mr. Court and counsel. My name is Dave Hess. I represent Defendant Keller in this particular action. I think we're in agreement that the standard that the court will use in determining this appeal is whether or not the trial court abused its discretion when it denied the plaintiff's post-trial motion and upheld the jury's verdict. The reason for that, of course, is giving deference to the jury that heard the evidence and made the decision and also giving deference to the trial judge who also heard the testimony and took the jury's verdict and supported it with his ruling in this case. Admittedly, there is testimony and evidence in the record from the chiropractor that there was an injury that the plaintiff claimed in this case and that the chiropractor supported it. While that's in the record, that's not really the issue that's before this court. The issue before this court under the Snover analysis is, is there any evidence that would support the verdict that the jury didn't come up with? That's really what the issue is in this case. Interesting to look at the appellant's brief in this case, they mentioned Dr. Hespain's testimony, but only in passing. And, in fact, their reference to it is what is from, it's quoted in the appellant's brief, is what the plaintiff remembered about the visit, but not the doctor's actual testimony. That testimony was, basically, he told me to do exercises and to take over-the-counter medications. In my brief, I have supplemented the record with the actual testimony that Dr. Hespain offered by deposition at this case, and I think that's what supports the verdict in this case. Dr. Hespain is a board-certified family practitioner. He has been treating the plaintiff since December of 2001, many years before this accident, and continued treating him until January of 2009 for various things, so he considered himself to be the family doctor of the plaintiff. We have the visit that occurred on April 23rd of 2007, four days after the accident. This is the very first medical treatment that the plaintiff sought in this particular case. The history the doctor received from the plaintiff that day- Can you back up a second? When did he seek that? You said that's the first time he saw it. That means the first time he got in. Did he try to get in the office before that? The plaintiff justified that he had called for an appointment. So he sought it on that day, not the day that he was there. He had sought it before, although the doctor, at the end of his testimony, indicates that the plaintiff had canceled the appointment and then sent it for this day. That's the first time he sought it. Actually saw the doctor. Sought it, not saw. Sought it. He sought it when he called to try to get an appointment. He didn't seek it the day he showed up. Is that correct? Well- That's what I'm trying to get straight. I understand. What you said- He sought the doctor on the 23rd. There is an indication that he tried to get an appointment before that. So he sought it then right after the accident. Right. And the history that was given on that office visit was that the plaintiff complained of minimal discomfort of his right side that was a little worse the day after the accident, but had nearly resolved by the date of the appointment. He denied any symptoms, such as bowel changes and that kind of thing, that were indicative of any serious injury. In the doctor's testimony, he indicated the objective symptoms he noted were non-toxic, which I thought was a little odd, so I asked him to explain that. He said there doesn't appear to be any major medical issue, according to the objective symptoms given. The diagnosis was a contusion to the right side, secondary to the motor vehicle accident. There was no diagnosis concerning the neck, the shoulders, the hips, or anything else. I think the doctor's testimony also indicates that range of motion as far as the spine and the hips and the shoulders was all normal. Now, the plaintiff testified that he wasn't satisfied with that diagnosis and saw the chiropractor later that day. It's interesting to note the chiropractor noticed a decreased range of motion at that time. So there's an issue there between the medical providers as to what may be considered objective symptoms, but there's a difference of opinion there. And then Dr. Despain also said that he expected him to get better and told him to return if he had further problems, and that was the last visit he had with him. So from our viewpoint, we think that that evidence is sufficient to support the verdict that the jury returned in this case. Now... Was liability contested? It was contested, but it's not really... It was a case of liability. It was, yeah. And was any argument made by defense counsel at trial to the jury that they should, if they award medical bills, they still shouldn't award pain and suffering? I mean, that wasn't argued. This is something the jury came up with. That's something the jury came up with. Right. In other words, the defense argued, don't give them anything. Right. Right. Really, the issue here that I'd like to address with the remaining time that I have just briefly is the concern that they did award chiropractic bills, whereas if they accepted the family doctor's testimony, they probably wouldn't give him any more than $100 or whatever it was for that visit, as opposed to the rest of the stuff. I guess my response to that is to look at the Snover case, and let's see what really was involved there, and I think you can draw a parallel. In that particular case, you had the accident, obviously. There was a complaint of abdominal pain at the scene. Rescue personnel didn't see any bruising or swelling of the abdomen at that time. The plaintiff was taken by ambulance to the emergency room. X-rays of the abdomen were negative. There were no complaints of neck pain at that time, full free range of motion. The court then went into the testimony about the plaintiff not missing time from school activities except for tennis for a few days and that kind of thing. She went to the family doctor two days after the accident, complaining of headaches. She admitted she had some complaints of headaches beforehand. A CAT scan was ordered at that time, and it was negative. Four months after the accident, she went to a neurologist, complaints of dizziness and neck pain. At that time, a cervical strain was diagnosed, physical therapy was given, and through February, physical therapy sessions were scheduled, and that's about five months after the accident. Then after that, there was a chiropractor involved. The neurologist was again consulted. More physical therapy was awarded. The defense expert in that case said, all that's related to this accident is the emergency room visit and the first treatment to the family doctor. So you've got a couple of days there. What the jury did with that case, though, is they awarded the medical through the physical therapy, which would have been four or five months after the accident, and didn't award any of the subsequent after that from the neurologist, the same neurologist that treated the plaintiff before, the same neurologist who testified that all my treatment is related to the accident. So the way I perceive it is, in that case, you've got another situation where it's hard to figure out exactly how a jury comes up with whatever it comes up with, but in that case, they did award more medical than any other specific expert said is specifically related. So I think the point of it is the jury has a range. They have, on the one hand, if you have evidence to support limited damages and you've got more damages on the other side, if they come down somewhere within that range, then we really shouldn't question their decision too much, because if you question it too much, you're always going to find something. Even in this case, they awarded 5,500 damages, and I think the actual total was 5,491. So even that wasn't exactly right, but we're not raising that issue here. So I think the point of the Snowder case, when you look at the evidence, as long as the evidence supports the verdict, it doesn't have to be exactly perfect. The world isn't perfect. But I would also point out in that case that, similarly, the trial judge had denied post-trial motion, and the appellate court had affirmed that decision as well, and, of course, the Supreme Court affirmed it in their circumstance. So I think that's really what we have here, is a case where the evidence does support the jury verdict as much as it did in the Snowder case. And on that basis, this court should affirm the trial court's denial  Thank you, counsel. Thank you, counsel. Very briefly, Mr. Duxworth saw his family doctor, who examined him for, as he brought out, major medical problems. His doctor didn't find major medical problems, but he did find that he suffered a contusion, that that contusion was painful, and diagnosed that. He never said he wasn't injured. He never said he wasn't in pain. In fact, while he didn't find decreased range of motion, you won't find in his records that he did an examination of the neck. He did one of the back, but he didn't do one of the neck. And so when Mr. Duxworth went to Dr. Minder's, not only did he do a thorough exam of the neck, but he took x-rays. Those x-rays objectively show injury. There's no testimony in this record that says that those x-rays were not objective and did not show injury. This case is different than Slover. In Slover, it was very clear that when she went to the doctor a couple of days after the accident, she was there for a problem she had on multiple occasions prior to that accident. She had had headaches several times before. She had had sports injuries before. And she was back with similar types of complaints. That's not the evidence here. Mr. Duxworth had never had any prior treatment to his neck or back prior to this accident. No doctor said, oh, this is related to something before. Also, in Slover, there was a significant gap in treatment. There was an issue of old sports injuries, new sports injuries, and new auto accidents after the auto accident in question in that case. She got awarded not four months. She got awarded nine physical therapy visits and one doctor's visit and a CAT scan, $1,500 in treatment. This jury awarded Mr. Duxworth $5,500 in medical expenses every dime he said was related, and that represents seven months of pain-related medical expenses. A jury can't throw up its hands and say we don't want to decide that issue. We're not going to pay attention to that evidence. The evidence in this case is that the only two doctors say injury, the only two doctors say pain, and nobody says it's not related to the accident. So it is completely inconsistent to award all of these medical expenses and significant amount of medical treatment and not make an award for pain and suffering. We ask this court to remand and order a trial on damages on pain and suffering and loss of normal life only. Thank you. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. We'll be in a short recess.